# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FOREST GUARDIANS, a non-profit New Mexico
corporation, and DEFENDERS OF WILDLIFE,
a non-profit Washington, D.C. corporation,

        Plaintiffs,

   -vs-                                                              No. CIV 97-0453 JC/DJS

BRUCE BABBITT, Secretary of the Interior,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the State of New Mexico's Motion to Intervene, filed February 24, 1999 *(Doc. 36)*, the Middle Rio Grande Conservancy District's Motion to Intervene, filed February 26, 1999 *(Doc. 41)*, and Defendant's Motion for Relief from Order on Remand, filed March 3, 1999 *(Doc. 48)*. The Court has reviewed the motions, the memoranda submitted by the parties, the relevant authorities, and heard oral argument on March 18, 1999. The Court finds that the motions to intervene are not well taken and will be denied. The Court further finds that Defendant's Motion for Relief from Order on Remand is well taken in part and will be granted in part.

The prospective intervenors move to intervene under FED. R. CIV. P. 24(a)(2) and (b)(2). Under Rule 24(a)(2), a prospective intervenor may intervene if: (1) the applicant is timely; (2) claims an interest that "relate[s] to the property or transaction which is the subject of the action; (3) has an interest that "may as a practical matter be impaired or impeded"; and (4) has an interest that "is not

adequately represented by existing parties." *Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (citing FED. R. CIV. P. 24(2)).

I find that elements two through four of the Rule 24(a)(2) test are not satisfied by the prospective intervenors in this case. *See Silver v. Babbitt*, 166 F.R.D. 418 (D. Ariz. 1994) ("Because . . . the federal defendants are required by statute to consider the applicants' positions and because they can challenge any possible designation that would affect them in the future in a subsequent action, intervention is not required of right in this case."); *Friends of the Wild Swan, Inc. v. United States Fish and Wildlife Serv.*, 896 F. Supp. 1025 (D. Or. 1995).

I also find that permissive intervention is inappropriate for the prospective intervenors. Under Rule 24(b)(2), "anyone may be permitted to [permissively] intervene . . . when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b)(2). *See also City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1043 (10th Cir. 1996). In this case, the "applicants do not state any defenses that share a common fact or law question[] in this action." *See Silver*, 166 F.R.D. at 434. Allowing the prospective intervenors "to interject their concerns as full parties in this case would merely confuse the relevant issues," *Friends*, 896 F. Supp. at 1028, which would "unduly delay" and "prejudice the adjudication of the rights of the original parties" FED. R. CIV. P. 24(b)(2).[1]

---

[1] Although I have not allowed the prospective intervenors to join as parties, I will allow them to appear *amicus curiae*.

Turning now to Defendant's Motion for Relief from my Order on Remand, I will allow the Secretary an additional 90 days to issue the final critical habitat designation for the silvery minnow.[2] I believe the Secretary needs the additional time to comply with the various requirements for proper designation. *See* FED. R. CIV. P. 60(b) (allowing relief from judgment or order for justifiable reasons.) If during the 90 days the Secretary determines that an Environmental Impact Statement ("EIS") is required, *see Catron County Bd. of Comm'rs v. United States Fish and Wildlife Serv.*, 75 F.3d 1429, 1434 (10th Cir. 1996), I will hold a second hearing to determine the appropriate time frame.

Wherefore,

IT IS HEREBY ORDERED that the State of New Mexico's Motion to Intervene *(Doc. 36)*, and the Middle Rio Grande Conservancy District's Motion to Intervene and to Set Aside Order Pursuant to Rule 24 of the Federal Rules of Civil Procedure *(Doc. 41)* are **denied**. The State of New Mexico's Motion to Alter the Court's February 22, 1999 Order *(Doc. 38)*, the Answers of Intervenors State of New Mexico *(Doc. 41)* and the Middle Rio Grande Conservancy District *(Doc. 43)* are **stricken**.

IT IS FURTHER ORDERED that Defendant's Motion for Relief from Order on Remand *(Doc. 48)* is **granted in part**. Defendant is to issue a final critical habitat designation for the silvery minnow by June 23, 1999.

DATED this 22nd day of March, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] This will bring the total time to 120 days, not counting the 17 months he had during my previous stay.

| | |
|---|---|
| Counsel for Plaintiff: | Matthew G. Kenna<br>Kenna & Associates, P. C.<br>Durango, Colorado |
| Counsel for Defendants: | John W. Zavitz<br>Assistant United States Attorney<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |
| Counsel for Intervenors: | John W. Utton<br>Luis G. Stelzner<br>Sheehan, Sheehan & Stelzner, P.A.<br>Albuquerque, New Mexico<br><br>Ted Apodoca<br>Judith C. Hutchison<br>NM State Engineering Office<br>Legal Division<br>Santa Fe, New Mexico |